MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff Bessie Murphy

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BESSIE MURPHY, | ) |
|     Plaintiff, | ) |
| | )   Case No. 2:16-cv-01238-JAD-NJK |
| vs. | ) |
| BCA FINANCIAL SERVICES, INC., | ) |
|     Defendant. | ) |

## AMENDED COMPLAINT

### JURISDICTION

1.      The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

### PRELIMINARY STATEMENT

2.      This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.      In 2016, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff.

4.      As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

### PARTIES

5.      Plaintiff, Bessie Murphy, is a natural person who resides in Henderson, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.      Defendant, BCA Financial Services, Inc., is a Foreign Corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Miami, FL, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

### FACTUAL ALLEGATIONS

7.      Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.      The medical account underlying this action is *fully paid*.

9.      However, on April 18, 2016 Defendant dunned Plaintiff.

10.     On May 12, 2016 Plaintiff wrote Defendant advising of her *refusal to pay* (Exhibit 1).

11.     Plaintiff's written *refusal to pay* required Defendant cease and desist all collection communications in accordance with FDCPA § 1692c(c):

> (c) **Ceasing communication** - *If a consumer notifies a debt*
> *collector in writing that the consumer __refuses to pay a debt__ or that*
> the consumer wishes the debt collector to cease further
> communication with the consumer, the debt collector shall not
> communicate further with the consumer with respect to such debt.

12. Notwithstanding, Defendant again wrote Plaintiff on May 23, 2016 (Exhibit 2).

13. In Exhibit 2 Defendant requested additional information from Plaintiff despite the explicit invocation of her statutory right not to again be contacted "with respect to such debt." FDCPA § 1692c(c).

14. Exhibit 2 does not fall under the three (3) enumerated exceptions under FDCPA § 1692c(c)(1)–(3).

15. A copy of a December 12, 2014 dun provided by the underlying creditor is attached as Exhibit 3.

16. Exhibit 3 reflects a demand for $36 *and* an additional conflicting demand for $72 resulting in a *$36 disparity*.

17. $36 is the precise amount reflected in Defendant's initial April 18, 2016 demand (Exhibit 1).

18. Shortly after receipt of Exhibit 3, Plaintiff contacted "Mona" from the underlying creditor's "accounting office" who explicitly assured Plaintiff her account was fully paid and nothing more was owed.

19. Defendant's assertion the underlying account was due and owing was a material misrepresentation made in violation of FDCPA §1692e. *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014).

20. Defendant has mischaracterized the legal status of the underlying account in violation of FDCPA §§ 1692e(2)(A) and 1692e(10).

21. Defendant took no *preventive measures* to preclude its errors. *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995-96 (7th Cir. 2003).

22. Plaintiff has suffered emotional distress as a result of Defendant's conduct. *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

23. Defendant's letters were sent in violation of FDCPA §§ 1692c, 1692d and 1692e.

24. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

25.     Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

26.     As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

27.     As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

CAUSES OF ACTION

COUNT I

28.     The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d and 1692e.

29.     Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

///
///
///
///
///
///
///
///
///
///

JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.

2. Award punitive damages.

3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

4. Award reasonable attorney fees.

5. Award costs.

6. Grant such other and further relief as it deems just and proper.

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff

May 12, 2016

<u>Via Certified Mail</u>

BCA Financial Services, Inc.
18001 Old Cutler Road, Suite 462
Miami, FL 33157-6437

Dear Sir,

Thank you for your attached April 18, 2016 letter.  Please be advised this oncology bill is fully paid and I refuse to pay any more.  In fact, full payment was actually confirmed by a representative of the Doctor's accounting department itself after I provided proof of payment. This appears to be an incident of double-billing.

Thank you for your consideration.

Sincerely,

Bessie Murphy

Enclosure

**EXHIBIT 1**

18001 OLD CUTLER ROAD, SUITE 462
MIAMI FLORIDA 33157-6437
**CHANGE SERVICE REQUESTED**

**BCA**
Financial Services, Inc.
A Debt Collection Company

| CIRCLE CARD USING FOR PAYMENT | | |
|---|---|---|
| CARD NUMBER • 3 OR 4-DIGIT SECURITY CODE (ON BACK) | | AMOUNT |
| CARD BILLING ADDRESS AND ZIP CODE | | |
| SIGNATURE | | EXP DATE |
| REFERENCE NUMBER: 46010248 | | |

APR 18 2016

46010248-14        108987545
BESSIE MURPHY
1117 Tomasian Ct
Henderson NV 89002-3396

BCA FINANCIAL SERVICES, INC.
18001 OLD CUTLER ROAD, SUITE 462
MIAMI FL 33157-6437

---

Please refer to the following reference number when calling our office: 46010248

Date: APR 18 2016
Balance: $36.00

Dear BESSIE MURPHY,

Please see the reverse page for account(s) that have been placed with our office for collections. The creditor extended services in good faith and expects to be paid for these services. If you have any questions regarding this debt you may speak to an account representative by calling our office. Absent any communication from you we will expect to receive payment on the account(s).

This is an attempt to collect a debt and any information obtained shall be used for that purpose. Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLEASE SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

BCA Financial Services, Inc ✦ 18001 Old Cutler Road, Suite 462 ✦ Miami Florida 33157
Calls made within Miami, Florida: 305-777-7100 ✦ Calls made from outside Miami, Florida: 888-277-8360

113ONBCAF01014

| | Creditor | Account #:* | For | Service Date | Balance |
|---|---|---|---|---|---|
| 21ST | CENTURY ONCOLOGY | 1968868-30586- | BESSIE | 022213 | 12.00 |
| 21ST | CENTURY ONCOLOGY | 1968868-30586- | BESSIE | 022613 | 12.00 |
| 21ST | CENTURY ONCOLOGY | 1968868-30586- | BESSIE | 020813 | 12.00 |

BCA FINANCIAL SERVICES, INC.
A DEBT COLLECTION COMPANY
18001 OLD CUTLER ROAD, #462
MIAMI, FLORIDA  33157
855-415-4510

MAY 23 2016

BESSIE MURPHY
1117 TOMASIAN CT

HENDERSON NV  89002

_____

CREDITOR: 21ST CENTURY ONCOLOGY
ACCOUNT NUMBER: 1968868-30586-6141996

Our office received a communication indicating you may dispute
liability for the above referenced account.  We are in need of
additional information in order to conduct a proper review of the
matter.  Please find below the item(s) that would assist in the
review:

____ Reason for dispute (Please be specific)
_✓_ Copy of payment made toward account
____ Address history for last 7 years
____ Copy of your signature dated prior to 02/08/13
____ Bankruptcy information (Chapter, case and initial filing date)
____ Copy of an identity theft report
____ Information you feel would help in resolving the matter

Your assistance in this matter is appreciated.  If you have any
questions regarding this request or wish to discuss the matter,
you can call our office at the number listed above.

This communication is from a debt collector.  This is an attempt
to collect a debt and any information obtained will be used
for that purpose.

46010313-MC-MC- -121

EXHIBIT 2

MICHAEL J KATIN, MD PC
P.O. BOX 7517
FT. MYERS, FL 33911

16466-3QDA

RETURN SERVICE REQUESTED

Patient Name:  MURPHY, BESSIE

| IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW. | | | |
|---|---|---|---|
| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |
| CARD NUMBER | | | SIGNATURE CODE |
| SIGNATURE | | | EXP. DATE |

| NOTICE DATE | PAY THIS AMOUNT | ACCOUNT # |
|---|---|---|
| 12/12/14 | $36.00 | 30586 |

| PAYMENT DUE BY | SHOW AMOUNT PAID HERE |
|---|---|
| 01/01/15 | $ |

MURPHY, BESSIE
1117 TOMASIAN CT
HENDERSON, NV 89002-3396

MICHAEL J KATIN, MD PC
PO BOX 862150
ORLANDO, FL 32886-2150

16466-3QDA*T8C0ZD6JA000003

110049

# PAST DUE NOTICE

..e Murphy,

...cords indicate that your account balance of $36.00
...verdue. The amount outstanding was detailed on your billing statement dated
...11/2014.

...ase send your payment of $72.00 to our office immediately
...avoid further collection action.

...you need assistance, or if you would like to make arrangements for payment,
...ase call our office at 800-437-1619 weekdays between 8am and 8pm Eastern
...ndard Time.

...appreciate your prompt attention to this matter.

| Make Checks Payable To: |
|---|
| MICHAEL J KATIN, MD PC
PO BOX 862150
ORLANDO, FL 32886-2150 |

This is an attempt to collect a debt. Any information obtained will be used for this purpose.

# EXHIBIT 3

16466-3QDA*T8C0ZD6JA000003

